# In the United States Court of Federal Claims

**No. 10-878C**
**(Filed Under Seal:  February 29, 2012)**
**(Reissued:  March 13, 2012)[1]**
**(Bid Protest)**

```
* * * * * * * * * * * * * * * * * * * * * * * * *
COMMUNICATION CONSTRUCTION        *
SERVICES, INC.,                   *
                                  *
            Plaintiff,            *
                                  *
v.                                *
                                  *
UNITED STATES OF AMERICA,         *
                                  *
            Defendant,            *
                                  *
and                               *
                                  *
RESOLUTE PARTNERS, LLC,           *
                                  *
            Intervenor.           *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

---

## ORDER

---

In reviewing the record and briefing in this case, the Court has identified novel procedural issues that the parties have not fully addressed.[2]  Therefore the Court issues this order to afford the parties the opportunity to present their positions.

---

[1]  This opinion was issued under seal on February 29, 2012.  The Court invited the parties to submit proposed redactions by March 8, 2012.  No redactions having been received, the Court publishes this order in toto, errata corrected.

[2]  This circumstance should not in any way reflect adversely on the submissions of counsel.  The briefs and arguments are excellent.  Rather, because the jurisdictional predicate for this bid protest, 28 U.S.C. § 1491(a), is unusual, there is a dearth of precedent on both the proper procedural vehicle for resolving the protest, as well as on the parameters of the record.

1

Plaintiff has filed a motion for summary judgment, while Defendant and Intervenor have filed motions for judgment on the Administrative Record.  In ruling on summary judgment motions, the Court does not make findings of fact.  Rather, the Court assesses whether any material facts are genuinely disputed and, if they are not, resolves solely a question of law, entering judgment based on that legal call.  If there are genuine issues of material fact, the motions for summary judgment are unsuccessful, and the parties press on to trial.  While summary judgment can thus be viewed as a "short cut" to resolution of a case, by eliminating the need for trial and fact-finding, judgment on the administrative record is very different.

In resolving motions for judgment on the AR in a § 1491(b) protest, the Court reviews a paper record and makes findings of fact based upon that record -- the AR.  As the Federal Circuit explained in Bannum, Inc. v. United States, 404 F.3d 1346 (Fed. Cir. 2005), the trial court must make factual findings from the record evidence as if it were conducting a trial "on the record."  Findings based on the AR are made in adjudicating whether the procurement decision detailed in the AR was arbitrary, capricious or violated statute or regulation.[3]

Plaintiff posits that the summary judgment process is appropriate because the action is predicated on 28 U.S.C. § 1491(a) jurisdiction, a breach of the implied contract of fair dealing, and such breach cases, in general, are resolved on summary judgment or via trial.  Plaintiff has not explained why such a procedure is appropriate when it has characterized its action as a "bid protest," has requested Defendant to supplement the AR, and is asking this Court to review the procurement decisions of a governmental entity -- decisions which are memorialized in an "administrative record," which contains typical bid-protest evaluation and award documents.

On the other hand, the Government argues that the case is properly resolved via motions for judgment on the administrative record because the Court is reviewing an "agency" procurement action.  Def.'s Opp'n at 17.  However, the decision being reviewed here is not that of a federal agency but that of a nonappropriated fund instrumentality ("NAFI"), and Defendant has not addressed how this impacts either the appropriate procedure or the record.  Further, Appendix C to the Court's Rules, which provides for the filing of the administrative record in bid protests, delineates "Procedure in Procurement Protest Cases Pursuant to 28 U.S.C. § 1491(b)," and does not reference § 1491(a).  Defendant also argues that when this Court reviews an agency decision under the Tucker Act, it should apply its ordinary standard of review under § 1491(a), i.e., "whether the decision is arbitrary, capricious, unsupported by substantial evidence, or contrary to law," which "necessarily limits the Court of Federal Claims' review to the administrative record."  Def.'s Opp'n at 17 (citing Walls v. United States, 582 F.3d 1358, 1368

---

[3]  However, this Court distinguishes between its review of such a procurement decision, which is typically predicated on the AR, from other aspects of bid protests, such as prejudice to the protestor, alleged bias, or the standards for injunctive relief which may implicate other processes such as summary judgment or trial.  See Rule 52.1, Committee Notes (stating that "[c]ases filed in this court frequently turn only in part on action taken by an administrative agency.  In such cases, the administrative record may provide a factual and procedural predicate for a portion of the court's decision, while other elements might be derived from a trial, an evidentiary hearing, or summary judgment or other judicial proceedings.").

(Fed. Cir. 2009) and Metz v. United States, 466 F.3d 991, 988 (Fed. Cir. 2006)).  However, Walls and Metz involved review of decisions of military corrections boards -- clearly administrative agency actions -- and not an alleged breach of contract by a NAFI.  Defendant has not explained why Walls and Metz should be extended to this § 1491(a) breach-of-contract action.  Before the enactment of the Administrative Dispute Resolution Act ("ADRA"), 28 U.S.C. § 1491(b), bid protests brought under § 1491(a) could be resolved on summary judgment or via trial.  See e.g., Keco Industries v. United States, 492 F.2d 1200, 1202 (Ct. Cl. 1974) (recognizing that where Plaintiff asserted "that the Government had acted arbitrarily and capriciously and breached its implied promise fairly and honestly to consider Keco's bid," Defendant's motion for summary judgment was denied and trial was held).

The parties have raised a procedural issue of first impression -- whether proceeding under the now atypical jurisdictional predicate of § 1491(a) for a bid protest requires a different procedural vehicle and thus a broader record than the administrative record in a § 1491(b) protest.  As the parties recognize, the resolution of this threshold procedural issue has significant ramifications in this action, in particular, whether the declarations of Messrs. Evard and Jackson may be added to the record  automatically, as a matter of routine summary judgment practice, or whether the AR must be supplemented with these declarations in accordance with Axiom Resource Management, Inc. v. United States,  564 F.3d 1374, 1380 (Fed. Cir. 2009).  Although Defendant argued that the declarations do not meet the Axiom standard, Plaintiff has not addressed whether the declarations meet Axiom in view of its position that summary judgment procedure applies here.

Against this backdrop, the Court directs the parties to file supplemental briefing addressing the following questions:

1.      **What is the proper procedural vehicle for resolving this bid protest -- cross-motions for summary judgment or cross-motions for judgment on the Administrative Record ("AR")?**

        (a)      **Should a determination of such procedure be resolved on a case-by-case basis or should the Court develop a uniform procedure for 28 U.S.C. § 1491(a) bid protests?**

        (b)      **Is it appropriate for the parties to develop a different, more expansive record if jurisdiction for a bid protest is predicated upon  § 1491(a) instead of § 1491(b)?**

            (1)      **Would developing an expansive record to resolve a bid protest comport with ADRA and the Federal Circuit's decision in Resource Conservation Group, LLC v. United States, 597 F.3d 1238 (Fed. Cir. 2010)?**

        (c)      **Is it appropriate to resolve a bid protest based upon an "administrative record" when the decision being challenged is**

3

not that of an administrative agency, but is that of a nonappropriated fund instrumentality?

2.   In the event this action should be resolved based upon an administrative record, do the Evard and Jackson declarations meet the standards for supplementing the AR?

> (a)   To what extent may the court accept expert opinions as supplementation to the AR post <u>Axiom</u>?
>
> (b)   Are the declarations of Jimmy Jackson, Plaintiff's consultant, necessary to address the financial analysis and conclusions of AAFES' financial expert, Mr. Wright?
>
> (c)   Should the record be supplemented to clarify why the Government has characterized Mr. Wright as an expert and to add his qualifications and area of expertise?

<u>**Conclusion**</u>

The parties shall file any proposed redactions to this Order by **March 8, 2012.**

The parties shall file supplemental briefs addressing these issues by **March 30, 2012.**


s/Mary Ellen Coster Williams
**MARY ELLEN COSTER WILLIAMS**
**Judge**

4